FIRST DIVISION
June 26, 2006

No. 1-05-2687

| | |
|---|---|
| SUPPORT COUNCIL OF DISTRICT 39, WILMETTE LOCAL 1274, IFT-AFT, AFL-CIO, | ) Petition for Review of<br>) Decision and Order of the<br>) Illinois Educational Labor |
| Petitioner-Appellant, | ) Relations Board<br>) |
| v. | )<br>) |
| EDUCATIONAL LABOR RELATIONS BOARD AND WILMETTE SCHOOL DISTRICT NO. 39, | ) No. 2005-UC-0005-C<br>)<br>) |
| Respondents-Appellees. | ) |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

The Support Council of District 39, Wilmette Local 1274, IFT-AFT, AFL-CIO (the Union), petitioner, appeals from a final order of the Illinois Educational Labor Relations Board (IELRB), respondent, excluding from the Union's bargaining unit a newly created position in Wilmette School District No. 39 (the District), respondent. We affirm.

The District established a new position of "network manager" for the 2004-05 school year. The written job description described the primary function as: to "[manage] the design, installation, configuration and maintenance of computers, network systems, and other related equipment." Specific responsibilities were the support of "district-wide computer networks," including retrieving lost data, maintaining complex records, having the ability to prepare complete and concise reports and other duties as assigned by the administrator. The job

description did not mention that the manager would need or have access to confidential information. The record shows that the position was filled before or during the pendency of this matter. The new employee was given full access to the District's computer system and was authorized to establish user names and passwords. He could override passwords to repair workstations and he engaged in routine monitoring of network use by employees.

The Union filed a unit clarification petition with the IELRB, seeking to include the position in the bargaining unit. See Sedol Teachers Union v. Illinois Educational Labor Relations Board, 276 Ill. App. 3d 872, 879, 658 N.E.2d 1364 (1995) (unit clarification is proper to resolve ambiguities about the unit placement of employees in newly established job classifications). The District contested the petition, seeking exclusion of the manager as a confidential employee. The District contended that the manager would encounter confidential collective bargaining data on the job and would have unfettered access to the entire system of files, including those of the superintendent and business manager.

The Illinois Educational Labor Relations Act (Act) defines a "confidential employee" as "an employee, who (i) in the regular course of his or her duties, assists and acts in a confidential capacity to persons who formulate, determine and effectuate management policies with regard to labor relations or who (ii) in the regular course of his or her duties has access to information relating to the effectuation or review of the employer's collective bargaining policies." 115 ILCS 5/2(n) (West 2004).

The IELRB's executive director issued an "Executive Director's Recommended Decision and Order," denying the unit clarification petition and finding the network manager to be a

confidential employee.  The order provided, in relevant part:

> "First, there is evidence that the Network Manager will have actual access to confidential collective bargaining information in the regular course of his duties. ***  The Network Manager is responsible for the operation and maintenance of the District's network on a daily basis ***.  The network stores all of the negotiations proposals, Board meeting minutes and costing data for collective bargaining in identifiable files.  The Network Manager has access to the District's computer network and individuals['] workstations without restriction or detection in the regular course of performing the duties listed in his job description.  The Network Manager can override employee passwords and the software used to prevent unauthorized access to the network.
>
> In the regular course of his duties, the Network Manager is required to restore a file that has become corrupt or retrieve a file that was inadvertently deleted.  Because confidential collective bargaining data is stored in files on the network, it is part of the Network Manager's job to restore or retrieve that data if the file becomes corrupt or is otherwise lost.  Even if an individual's access to confidential collective bargaining information is sporadic, the individual is still confidential if the access occurs as part of his or her regular duties.  Board of Education of Plainfield Community Consolidated School District No. 202 v. [Illinois Educational Labor Relations Board], 143 Ill. App. 3d 898, [911,] 493 N.E.2d 1130 (*** 1986).  The Network Manager is also expected to troubleshoot

database losses. These databases may contain collective bargaining information. The Network Manager's access to collective bargaining information may occur before or during, as well as after, negotiations. The Network Manager's access to the District's system of files is unfettered.

In addition, it is envisioned that the Network Manager will be asked to help District administrators in setting up and/or performing analytical functions, including cost projections, the next time the District negotiates concerning one of the bargaining units in the District. In performing these duties, the Network Manager will necessarily have unfettered access ahead of time to collective bargaining information."

When the IELRB voted on the adoption of the recommendation, one member recused herself. The remaining members voted to a 2 to 2 tie. In the absence of a majority, the decision of the executive director became final, but lacked precedential effect. Board of Education of Community Consolidated High School District No. 230 v. Illinois Educational Labor Relations Board, 165 Ill. App. 3d 41, 54, 418 N.E.2d 713 (1987).

The Union appeals, claiming: (1) the executive director should have set the petition for a hearing because there were unresolved questions of material fact; and (2) the executive director erred in finding the network manager to be a confidential employee.

Our review of an IELRB decision is deferential and we will reverse only if it was clearly erroneous. One Equal Voice v. Illinois Educational Labor Relations Board, 333 Ill. App. 3d 1036, 1041, 777 N.E.2d 648 (2002).

Where a unit clarification petition "presents unresolved questions of material fact, the Executive Director shall set it for a hearing." 80 Ill. Admin. Code §1110.160(c), as amended by 28 Ill. Reg. 7938 (eff. May 28, 2004). If there are no unresolved facts that warrant a hearing, then the executive director issues a recommended decision and order to which the parties may file exceptions and supporting briefs. 80 Ill. Admin. Code §1110.160(c), as amended by 28 Ill. Reg. 7938 (eff. May 28, 2004).

The Union first claims that unresolved questions of material fact existed, requiring the executive director to hold a hearing. It argues: (1) the decision of the executive director was based solely on the unverified and unsworn factual assertions, conclusions and commentary in the answer and reply filed by the District's attorney; (2) the attorney's assertions were unsupported by affidavit or other admissible evidence; and (3) the job description does not mention that the manager would have access to confidential information. The District argues that the Union did not challenge the facts about the position presented by the District earlier and does so disingenuously now.

The most pertinent document of record is the Union's response to the District's answer to the unit clarification petition. That response supports the conclusion that the Union accepted the material facts as set forth by the District's attorney in its answer. The Union applied its legal arguments to the facts as stated in the District's answer and voiced no challenges to the facts. Other than the Union's claim on appeal, we find no indication that material facts were in dispute between the parties such that a hearing was warranted. The IELRB did not err in proceeding without a hearing.

The Union next argues that the executive director erred in finding that the network manager is a confidential employee under section 2(n)(ii) of the Act (115 ILCS 5/2(n)(ii) (West 2004)). It argues that the network manager would not need access to confidential information to perform the functions of the job. It contends that unfettered access is necessary only because the District chose to store confidential information on computer hard drives rather than removable disks.

The IELRB considered a similar argument in deciding whether a school district's newly created position of technology coordinator, a job similar to the one at issue here, was a confidential employee within the meaning of section 2(n)(ii) of the Act (115 ILCS 5/2(n)(ii) (West 1998)) in Woodland Community Unit School District 5, 16 Pub. Employee Rep. (Ill.) par. 1026, No. 99─UC─0005─2 (IELRB February 1, 2000) (hereinafter 16 Pub. Employee Rep. (Ill.) par. 1026). The Woodland job description required the employee to coordinate the repair and maintenance of the district's technology equipment. The coordinator maintained the passwords and security methodologies for all computers and network systems of the district. The coordinator was responsible for "maintain[ing] strict confidentiality in respect to all District records kept in any electronic or magnetic form, including *** those developed or maintained by the Board of Education or Administrators with regard to labor relations and collective bargaining." Woodland, 16 Pub. Employee Rep. (Ill.) par. 1026, at 79.

The IELRB in a plurality opinion determined that the technology coordinator was a confidential employee within the meaning of section 2(n)(ii) of the Act (115 ILCS 5/2(n)(ii) (West 1998)). Woodland, 16 Pub. Employee Rep. (Ill.) par. 1026, at 78. The IELRB found that

the district's technology coordinator would need to access files and "once a file is displayed on a screen, it would be virtually impossible not to read the document displayed." Woodland, 16 Pub. Employee Rep. (Ill.) par. 1026, at 80. In Woodland, as here, the union argued that the district had a duty to devise a system to prevent the employee's access to confidential files. The IELRB disagreed, concluding that an employer had no legal duty to purchase a computer program or devise a system to limit or detect the employee's access to files. Woodland, 16 Pub. Employee Rep. (Ill.) par. 1026, at 81.

The facts here are similar to those in Woodland. Here, as there, the position is newly created. Both jobs require district-wide repair and maintenance of computer network systems. The job description here did not mention the specific terms "confidentiality" or "collective bargaining," but Woodland was not decided solely on the basis of the explicit use of those terms. The IELRB in Woodland stated that a job description alone is not the deciding factor in determining confidential status. The actual duties of the employee and the facts of the case at hand must be weighed. Woodland, 16 Pub. Employee Rep. (Ill.) par. 1026, at 81.

Here, the network manager received broad and "unfettered" district-wide access to computer files when he started the job. The manager was given direct access to the computer files at all levels, including the confidential data of the superintendent and high-level administrators. The manager's responsibility of retrieving lost data supports the inference that he sees confidential documents that have been lost or deleted. See Plainfield, 143 Ill. App. 3d at 911 ("a person who performs confidential duties on a sporadic basis is still confidential"). Maintaining complex records and generating reports suggests that the manager is privy to

confidential financial and workforce information and projections. Under these circumstances, it cannot be said that the IELRB erred in finding that the network manager was a confidential employee.

Woodland also resolves the Union's argument that the District should be required to store its confidential collective bargaining data on disks to prevent the manager from seeing it. The IELRB rejected the notion that a school district must devise systems to prevent computer technology managers from accessing confidential files. Woodland, 16 Pub. Employee Rep. (Ill.) par. 1026, at 81.

As noted, Woodland was a plurality decision and the Union relies on the dissent. The dissenters argued that the district had provided insufficient evidence to establish that the technology coordinator, in the regular course of her duties, had access to information related to collective bargaining. Woodland, 16 Pub. Employee Rep. (Ill.) par. 1026, at 82 (Berendt, Chairman, and Gavin, Member, dissenting). The dissent likened the role of the technology coordinator to that of a security staff member watching the door outside a confidential meeting or a custodian emptying the superintendent's waste basket of confidential documents. Woodland, 16 Pub. Employee Rep. (Ill.) par. 1026, at 83.

We find these analogies inapplicable to the role of the network manager here. More applicable is the pragmatic view of the Woodland majority: "once a file is displayed on a screen, it would be virtually impossible not to read the document displayed." Woodland, 16 Pub. Employee Rep. (Ill.) par. 1026, at 80. The network manager here sees, manipulates, reads and develops reports from all data on all district computers, including confidential material

8

pertaining to labor relations. The exclusion of the network manager from the bargaining unit as a confidential employee achieves the objective long supported by courts: "management should not be required to handle labor relations matters through employees in a union who, in the normal performance of their duties, *may obtain advance information of the company's position with regard to contract negotiations, the disposition of grievances, and other labor relations matters. District No. 230, 165 Ill. App. 3d at 60, quoting National Labor Relations Board v. Hendricks County Rural Electric Membership Corp., 454 U.S. 170, 179, 70 L. Ed. 2d 323*, 331, 102 S. Ct. 216, 223 (1981).

The Union also argues that the manager should not be excluded under Board of Control of the Lake County Area Vocational System, 20 Pub. Employee Rep. (Ill.) par. 5, No. 2003─UC─0003─C (IELRB January 20, 2004) (hereinafter 20 Pub. Employee Rep. (Ill.) par. 5). There, the IELRB reversed an order that granted a school district's unit clarification petition to remove two computer technicians from the bargaining unit by designating them as confidential employees. The IELRB declined to follow Woodland, finding that the exclusion sought in Woodland was for one position that was newly created. The controversy in Lake County involved "the entire [t]echnician force" of two employees who were not new but had been in the bargaining unit earlier. Lake County, 20 Pub. Employee Rep. (Ill.) par. 5, at 32. "Where a position has existed for an amount of time, we will heavily weigh evidence of actual access to confidential labor relations material as part of that individual's job." Lake County, 20 Pub. Employee Rep. (Ill.) par. 5, at 32.

The facts here are unlike those in Lake County. The network manager is a newly created

9

position with no earlier participation in the bargaining unit. Nor are there multiple positions that constitute the entire workforce of computer technicians. Lake County does not prevent us from deciding that the IELRB did not err in this case, particularly in light of the opinion's agreement with Woodland that, since "each bargaining unit determination is dependent on factual variations, each case should be decided on an *ad hoc* basis." Lake County, 20 Pub. Employee Rep. (Ill.) par. 5, at 32.

The Union's final argument is that the executive director erred in accepting the District's claim that the network manager would participate in *future* analytical functions, including cost projections in collective bargaining. The Union argues that, in general, planned future responsibilities and advisory roles are insufficient to exclude the network manager as a confidential employee, citing One Equal Voice, 333 Ill. App. 3d at 1043; Plainfield, 143 Ill. App. 3d at 910; Vermilion Occupational Technical Center, 1 Pub. Employee Rep. Ill. par. 1103, No. 84-UC-0003-S IELRB April 17, 1985 . In One Equal Voice, the IELRB found that certain employees were confidential because they would have access to confidential collective bargaining information in the future. One Equal Voice, 333 Ill. App. 3d at 1041. This court reversed and remanded the decision because the IELRB did not determine whether there was a reasonable expectation that the employees alleged to be confidential would in fact be performing confidential duties in an impending collective bargaining process. One Equal Voice, 333 Ill. App. 3d at 1044. The District argues that the reasonable expectation test as discussed in One Equal Voice, 333 Ill. App. 3d at 1043-44, is not applicable here because the network manager s duties are not speculative.

The reasonable expectation test is one of three tests formulated by the IELRB to decide

10

1-05-2687

whether an employee has confidential status. *Chief Judge of the Circuit Court of Cook County v. American Federation of State, County  Municipal Employees, Council 31*, 153 Ill. 2d 508, 523, 607 N.E.2d 182  1992 . An employee is confidential if he meets the requirements established in any one of the three tests. *Chief Judge*, 153 Ill. 2d at 523. The  reasonable expectation  test is applied where no collective bargaining unit is in place, but it is expected that the employee will assume confidential responsibilities when the unit is established. Chief Judge, 153 Ill. 2d at 524. The "labor–nexus" test finds that an employee is confidential where, in his regular duties and in a confidential capacity, he assists one or more persons who formulate, determine or effectuate labor relations policies. *Chief Judge*, 153 Ill. 2d at 523. An employee is confidential under the "authorized access" test if he has authorized access to information on matters specifically related to collective bargaining between labor and management. *Chief Judge*, 153 Ill. 2d at 523. In both the  authorized access  and  labor nexus  tests,  inquiry is limited to whether the employee in question has unfettered access ahead of time to information pertinent to the review or effectuation of pending collective–bargaining policies. *District 230*, 165 Ill. App. 3d at 62.

The facts here differ from those in *One Equal Voice* where there had been no history of collective bargaining. *One Equal Voice*, 333 Ill. App. 3d at 1043. Here, the bargaining unit was in existence and so the  reasonable expectation  test as used in *One Equal Voice* is inapplicable. But the application of the other tests described in *Chief Judge* support the conclusion that the network manager is a confidential position. *Chief Judge*, 153 Ill. 2d at 523. The job is  confidential  under the  labor– nexus  test because its regular duties include providing assistance on the network in a confidential capacity to the District s top administrators, including the superintendent and business manager. Those employees

11

formulate, determine or effectuate labor relations policies. It is not disputed their computer files contain collective bargaining information. The network manager has access to their files to perform his duties of maintaining complex records, retrieving lost data and preparing reports from the data. The manager is confidential under the authorized access test because his job gives him access to all data stored in and transmitted though the District s network of computers, which includes collective bargaining information.

Having determined that the IELRB did not err in adopting the executive director s recommendation and order, we need not address the District s alternative argument in support of an affirmance based on *Niles Township High School District No. 219*, 21 Pub. Employee Rep. Ill. par. 103, No. 2003–UC–0007–C IELRB June 16, 2005 and *McHenry County College*, 21 Pub. Employee Rep. Ill. par. 149, No. 2005–UC–0013–C IELRB August 25, 2005 .

We conclude that the executive director s finding that the network manager had unfettered access to confidential collective bargaining information was not erroneous. Nor did the IELRB err in adopting the director s order that excluded the network manager from the bargaining unit as a confidential employee. The order is affirmed.

Order affirmed.

GORDON and McBRIDE, JJ., concur.